DOCUMENT 2
Case 2:23-cv-00488-MHT-JTA   Document 1-2   Filed 08/15/23   Page 1 of 7

ELECTRONICALLY FILED
7/15/2023 1:53 PM
03-CV-2023-900960.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **JAMIE J. MCCARTY;** | * |
| Plaintiff, | * |
| VS. | * |
| **JOHN HAMM, COMMISSIONER, OF THE ALABAMA DEPARTMENT OF CORRECTIONS; ALABAMA DEPARTMENT OF CORRECTIONS;** And Fictitious Defendants "A", "B", "C" and "D" whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained, | * *CIVIL ACTION NO.:_____ *JURY TRIAL DEMANDED |
| Defendant. | * |

## COMPLAINT

## STATEMENT OF THE PARTIES

1.      Plaintiff Jamie J. McCarty (hereinafter referred to as "Plaintiff") is over the age of nineteen (19) years, resides in Elmore County, Alabama, and worked as a Lieutenant at the Alabama Department of Corrections until September 30, 2022.

2.      Defendant John Hamm (hereinafter referred to as "Defendant Hamm") is over the age of nineteen (19) years, and currently serves as an employee of Defendant DOC, serving as the Commissioner of the Alabama Department of Corrections located in Montgomery, Montgomery County, Alabama, at 301 Ripley Street, Montgomery, Alabama 36130.

3.      Defendant Alabama Department of Corrections (hereinafter referred to as "Defendant DOC") is a state agency empowered under the laws of the State of Alabama. The

State has delegated power to Defendant DOC, and its agents, by virtue of its official power, and is an actor under the "Color of Law."

4.     Fictitious Defendants "A", "B", "C" and "D", whether singular or plural, who are those other persons, corporations, entities or agents of the Defendant DOC, who may have taken action or actions on behalf of the Defendant DOC, and are also responsible for the Reverse Discrimination committed against the Plaintiff, for creating a Hostile Work Environment for the Plaintiff, violated the Plaintiff's Due Process Rights in its dealings with him, violated the Non-Fraternization Policy/Workplace Sexual Misconduct policies of Defendant DOC, violated the Nepotism Clause of Defendant DOC, and violated the Plaintiff's merit system employee rights by not following its Administrative Procedure/Discipline policies, whose true and correct names are unknown at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5.     This lawsuit is being filed in Montgomery County, Alabama in accordance to *Alabama Rule of Civil Procedure* **Rule 82(b)(1)(A)**, and ***Ex parte Dowdell***, **677 So. 2d 1158 (Ala. 1996)**, "that actions against a state agency must be prosecuted in the county of its official residence."  Montgomery County is the official residence of the Alabama Department of Corrections.

6.     This lawsuit is also being filed within 90 days from the Issuance of an EEOC Determination and Notice of Rights Letter that was issued on April 18, 2023.

7.     The Plaintiff was 47 years old at the time he was forced to "retire" from Defendant DOC, and had worked there for 24 years and 8 months.

8.     The Plaintiff had just been promoted to Lieutenant in or around April 2022, his probationary status ended in September 2022, and his last Performance Appraisal was on

2

September 8, 2022. Plaintiff received "Exceeded All Work Standards" on this review, which he had received on nearly all his regular/yearly reviews.

9. Previously, in June 2022, the Plaintiff considered retiring effective July 31, 2022, but he withdrew his retirement papers. Additionally, the Plaintiff was asked to stay by his immediate supervisors: Megan Fulgham and Angela Baggett.

10. At that time, the Plaintiff sent a text message to some of the employees he supervised telling them goodbye and attempting to use humor as he contemplated leaving. After the Plaintiff decided to stay on the job, he asked if he should report this text message to Dr. Wendy Williams, Deputy Commissioner of Operations. Supervisor Baggett told the Plaintiff to "trust the process, stay away from the office, no worries, and it would work out because there was nothing to it." The Plaintiff had to take unofficial, annual leave for nearly 24 days while he was allegedly being investigated.

11. At the conclusion of the "investigation," Dr. Wendy Williams attempted to transfer the Plaintiff to Elmore Prison, after he had been in an administrative role for nearly 15 years. The Plaintiff was not written up, he was not reprimanded or disciplined, he never received notification of what the investigation revealed, he was never informed what Employee Standards of Conduct he may have violated, and he never saw anything in writing, despite requesting it numerous times.

12. Rather than be transferred to Elmore Prison, the Plaintiff decided to formally retire, and he did on September 30, 2022.

13. The chain of command for the Plaintiff was: Megan Fulgham, Angela Baggett, and Dr. Wendy Williams - all female supervisors. And, Megan Fulgham is Chief Deputy Commissioner Greg Lovelace's Daughter.

14.     In or around February 2022, the Plaintiff and Supervisor Angela Baggett began a sexual relationship, it lasted until October 2022, and she knew that he was married.

15.     Supervisor Angela Baggett asked the Plaintiff to leave his wife for her.

16.     The Plaintiff had some Professional and Personal Goals that he wanted to achieve: he wanted to work for at least 5 more years, due to his young age; and, he wanted to try to make Captain with Defendant DOC.

17.     After retiring, and despite completing and turning in the required form to receive his Service Weapon as a Retirement Gift, turned into Supervisor Angela Baggett, the Plaintiff was called by an Investigator, who stated that he had stolen his Service Weapon, and if he failed to turn in his Service Weapon that day, a Warrant would issue, that he would be arrested and prosecuted. The Plaintiff turned in his Service Weapon.

18.     The Plaintiff had a spotless work record, had always achieved or exceeded all work standards, but Defendant DOC, and its agents, failed to follow proper Administrative Procedures and failed to properly Discipline the Plaintiff. The Plaintiff believes that the attempt to transfer him to Elmore Prison was just a pretext, and the real reason he was being transferred was because of his gender since all his supervisors were female, and they conspired to discriminate against the Plaintiff, which has resulted in injury and damages in violation of the 14th Amendment of the Constitution of the United States, 42 U.S.C.A. 1981, 1983, and 1985.

19.     Defendant DOC, and its agents, allowed a hostile work environment to exist for the Plaintiff with the all-female supervisors, the Non-Fraternization Policy/Workplace Sexual Misconduct being committed for over 8 months, the violation of the Nepotism Clause, and then, finally, the entire incident with the Service Weapon.

4

20. Defendant DOC, and its agents, violated its own Administrative Procedures by failing to properly file any form of reprimand or discipline against the Plaintiff, and its refusal to give the Plaintiff a copy of the alleged investigation against him.

21. The Plaintiff is seeking compensatory and punitive damages for the bad conduct committed against him by the Defendant DOC, and its agents, plus all reasonable out of pocket expenses and costs, and attorney fees.

## **COUNT ONE**

22. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

23. Defendant DOC, and its agents, are a state agency empowered under the laws of the State of Alabama. The State has delegated power to Defendant DOC, and its agents, by virtue of its official power, and is an actor under the "Color of Law."

24. Defendant DOC, and its agents, under the color of law has reverse discriminated against the Plaintiff because of his race and gender, and denied the Plaintiff his equal protection under the law.

25. Defendant DOC under the color of law, along with its agents, impeded the liberties of the Plaintiff by devising and orchestrating schemes motivated by reverse racial animus in order to separate the Plaintiff from his employment for the sole purpose of reverse discriminating against the Plaintiff because of his race and gender.

26. The Plaintiff should not have been transferred to Elmore Prison, especially after serving in an administrative role for over 15 years, and Defendant DOC violated state regulations and policy, by and through its agents, in order to get the Plaintiff to retire in order to reverse discriminate against him on the basis of his race and gender.

27.  As a proximate result of the Defendant DOC, and its agents', bad actions, the Plaintiff demands damages as follows: He was forced to retire rather than be transferred to Elmore Prison; he missed his longevity pay of at least $900.00; he missed at least 2 potential raises; he was unable to work an additional 5 years, and, he has suffered emotional distress and mental anguish, and continues to do so.

## COUNT TWO

28.  Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

29.  Defendant DOC, and its agents, deprived the Plaintiff of his 14th Amendment Rights and violated 42 U.S.C.A. 1981.

30.  The Plaintiff was deprived of his Due Process Rights because of his race and gender, and he suffered injuries and was damaged as alleged in Paragraph 27 above.

## COUNT THREE

31.  Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

32.  Defendant DOC, and its agents, under the color of state law deprived the Plaintiff of his 14th Amendment rights by reverse discriminating against him in violation of 42 U.S.C.A. 1983.

33.  The Plaintiff was deprived of his due process rights because of his race and gender, and the Plaintiff was injured and damaged as alleged in Paragraph 27 above.

## COUNT FOUR

34.  Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

35.  Defendant DOC, and its agents, allowed a hostile work environment to exist for the Plaintiff with the all-female supervisors, the Non-Fraternization Policy/Workplace Sexual

Misconduct being committed, the violation of the Nepotism Clause, and then, finally, the entire incident with the Service Weapon.

36. Plaintiff demands judgment against the Defendant DOC, and its agents, for compensatory damages, an additional sum for punitive damages for these bad acts, plus his expenses, costs, and attorney fees.

37. This Verified Complaint is being electronically signed on behalf of, and with the express, written permission, of Plaintiff and will be amended at a later date if necessary to include his original signature.

**WHEREFORE**, the Plaintiff asks this Honorable Court for damages in compensatory and punitive damages for said violations, and any relief that this Court may find appropriate in equity and good conscience.

The Plaintiff requests a Trial by Struck Jury on all matters stated herein.

Respectfully submitted on this the 15th day of July, 2023.

/s/ *Jamie J. McCarty*
JAMIE J. MCCARTY
(Verified Complaint)
By written permission of Plaintiff

/s/ JEFFREY TODD WEBB
JEFFREY TODD WEBB (WEB043)
Attorney for Plaintiff
6724 Volz Court
Montgomery, Alabama 36116
Telephone:    (334) 318-0478
Facsimile:    (334) 277-5435
Email:    barristerwebb@aol.com