IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMIE J. MCCARTY; | * |
| Plaintiff, | * |
| VS. | * |
| JOHN HAMM, COMMISSIONER, OF THE ALABAMA DEPARTMENT OF CORRECTIONS; ALABAMA DEPARTMENT OF CORRECTIONS; DR. WENDY D. WILLIAMS, individually, and as the Deputy Commissioner of Operations for ADOC; ANGELA BAGGETT, individually, and as a Supervisor for ADOC; and, MEGAN FULGHAM, individually, and as a Supervisor for ADOC, | *<br>*Case No.: 2:23-cv-00488-MHT-JTA |
| Defendants. | * |

## AMENDED COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Jamie J. McCarty (hereinafter referred to as "Plaintiff") is over the age of nineteen (19) years, resides in Elmore County, Alabama, and worked as a Lieutenant at the Alabama Department of Corrections until September 30, 2022.

2. Defendant John Hamm (hereinafter referred to as "Defendant Hamm") is over the age of nineteen (19) years, and currently serves as an employee of Defendant DOC, serving as the Commissioner of the Alabama Department of Corrections located in Montgomery, Montgomery County, Alabama, at 301 Ripley Street, Montgomery, Alabama 36130.

3. Defendant Alabama Department of Corrections (hereinafter referred to as "Defendant DOC") is a state agency empowered under the laws of the State of Alabama. The State has delegated power to Defendant DOC, and its agents, by virtue of its official power, and is an actor under the "Color of Law."

1

4. Dr. Wendy D. Williams (hereinafter referred to as "Defendant Williams") is over the age of nineteen (19) years, and currently serves as an employee of Defendant DOC, serving as the Deputy Commissioner of Operations for the Alabama Department of Corrections located in Montgomery, Montgomery County, Alabama, at 301 Ripley Street, Montgomery, Alabama 36130.

5. Angela Baggett (hereinafter referred to as "Defendant Baggett") is over the age of nineteen (19) years, and currently serves as an employee of Defendant DOC, serving as a Supervisor for the Alabama Department of Corrections located in Montgomery, Montgomery County, Alabama, at 301 Ripley Street, Montgomery, Alabama 36130.

6. Megan Fulgham (hereinafter referred to as "Defendant Fulgham") is over the age of nineteen (19) years, and currently serves as an employee of Defendant DOC, serving as a Supervisor for the Alabama Department of Corrections located in Montgomery, Montgomery County, Alabama, at 301 Ripley Street, Montgomery, Alabama 36130.

**STATEMENT OF THE FACTS**

7. The Plaintiff was 47 years old at the time he was forced to "retire" from Defendant DOC, and had worked there for 24 years and 8 months.

8. The Plaintiff had just been promoted to Lieutenant in or around April 2022, his probationary status ended in September 2022, and his last Performance Appraisal was on September 8, 2022. Plaintiff received "Exceeded All Work Standards" on this review, which he had received on nearly all his regular/yearly reviews.

9. Previously, in June 2022, the Plaintiff considered retiring effective July 31, 2022, but he withdrew his retirement papers. Additionally, the Plaintiff was asked to stay by his immediate supervisors: Defendants Megan Fulgham and Angela Baggett.

10. At that time, the Plaintiff sent a text message to some of the employees he supervised telling them goodbye and attempting to use humor as he contemplated leaving. After the Plaintiff decided to stay on the job, he asked if he should report this text message to Defendant Dr. Wendy

Williams, Deputy Commissioner of Operations. Defendant and Supervisor Baggett told the Plaintiff to "trust the process, stay away from the office, no worries, and it would work out because there was nothing to it." The Plaintiff had to take unofficial, annual leave for nearly 24 days while he was allegedly being investigated.

11. At the conclusion of the "investigation," Defendant Dr. Wendy Williams attempted to transfer the Plaintiff to Elmore Prison, after he had been in an administrative role for nearly 15 years. The Plaintiff was not written up, he was not reprimanded or disciplined, he never received notification of what the investigation revealed, he was never informed what Employee Standards of Conduct he may have violated, and he never saw anything in writing, despite requesting it numerous times.

12. Rather than be transferred to Elmore Prison, the Plaintiff decided to formally retire, and he did on September 30, 2022.

13. The chain of command for the Plaintiff was: Defendants Megan Fulgham, Angela Baggett, and Dr. Wendy Williams - all female supervisors. And, Defendant Megan Fulgham is Chief Deputy Commissioner Greg Lovelace's Daughter.

14 In or around February 2022, the Plaintiff and Defendant Supervisor Angela Baggett began a sexual relationship, it lasted until October 2022, and she knew that he was married.

15. Defendant Supervisor Angela Baggett asked the Plaintiff to leave his wife for her.

16. The Plaintiff had some Professional and Personal Goals that he wanted to achieve: he wanted to work for at least 5 more years, due to his young age; and, he wanted to try to make Captain with Defendant DOC.

17. After retiring, and despite completing and turning in the required form to receive his Service Weapon as a Retirement Gift, turned into Defendant Supervisor Angela Baggett, the Plaintiff was called by an Investigator, who stated that he had stolen his Service Weapon, and if he failed to turn in his Service Weapon that day, a Warrant would issue, that he would be arrested and prosecuted. The Plaintiff turned in his Service Weapon.

18. The Plaintiff had a spotless work record, had always achieved or exceeded all work standards, but Defendant DOC, and its agents, failed to follow proper Administrative Procedures and failed to properly Discipline the Plaintiff. The Plaintiff believes that the attempt to transfer him to Elmore Prison was just a pretext, and the real reason he was being transferred was because of his gender since all his supervisors were female, and they conspired to discriminate against the Plaintiff, which has resulted in injury and damages in violation of the 14th Amendment of the Constitution of the United States, 42 U.S.C.A. 1981, 1983, and 1985.

19. Defendant DOC, and its agents, allowed a hostile work environment to exist for the Plaintiff with the all-female supervisors, the Non-Fraternization Policy/Workplace Sexual Misconduct being committed for over 8 months, the violation of the Nepotism Clause, and then, finally, the entire incident with the Service Weapon.

20. Defendant DOC, and its agents, violated its own Administrative Procedures by failing to properly file any form of reprimand or discipline against the Plaintiff, and its refusal to give the Plaintiff a copy of the alleged investigation against him.

21. The Plaintiff is seeking compensatory and punitive damages for the bad conduct committed against him by the Defendant DOC, and its agents, plus all reasonable out of pocket expenses and costs, and attorney fees.

## COUNT ONE: Reverse Discrimination

22. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

23. Defendant DOC, Hamm, and its agents, are a state agency empowered under the laws of the State of Alabama. The State has delegated power to Defendant DOC, and its agents, by virtue of its official power, and is an actor under the "Color of Law."

24. Defendant DOC, Hamm, and its agents, under the color of law has reverse discriminated against the Plaintiff because of his race and gender, and denied the Plaintiff his equal protection under the law by having an all-female supervisory system in place, who attempted to transfer him back to a

4

prison without any proper discipline measures taken or written or presented to him. Defendants Williams, Baggett, and Fulgham attempted to transfer the Plaintiff to Elmore Prison, after he had been in an administrative role for nearly 15 years. The Plaintiff was not written up, he was not reprimanded or disciplined, he never received notification of what the investigation revealed, he was never informed what Employee Standards of Conduct he may have violated, and he never saw anything in writing, despite requesting it numerous times.

25. Defendant DOC and Hamm, under the color of law, along with its agents, impeded the liberties of the Plaintiff by devising and orchestrating schemes motivated by reverse racial animus in order to separate the Plaintiff from his employment for the sole purpose of reverse discriminating against the Plaintiff because of his race and gender.

26. The Plaintiff should not have been transferred to Elmore Prison, especially after serving in an administrative role for over 15 years, he had a spotless work record, and Defendant DOC and Hamm violated state regulations and policy, by and through its agents, in order to get the Plaintiff to retire in order to reverse discriminate against him on the basis of his race and gender.

27. As a proximate result of the Defendant DOC, Hamm, and its agents', bad actions, the Plaintiff demands damages as follows: He was forced to retire rather than be transferred to Elmore Prison; he missed his longevity pay of at least $900.00; he missed at least 2 potential raises; he was unable to work an additional 5 years, and, he has suffered emotional distress and mental anguish, and continues to do so.

<strong><u>COUNT TWO: Due Process Violation</u></strong>

28. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

29. Defendant DOC, Hamm, and its agents, deprived the Plaintiff of his 14th Amendment Rights and violated 42 U.S.C.A. 1981 by having an all-female supervisory system in place, who attempted to transfer the Plaintiff back to a prison without any proper discipline measures taken or written or presented to him. Defendants Williams, Baggett, and Fulgham attempted to transfer the

Plaintiff to Elmore Prison, after he had been in an administrative role for nearly 15 years. The Plaintiff was not written up, he was not reprimanded or disciplined, he never received notification of what the investigation revealed, he was never informed what Employee Standards of Conduct he may have violated, and he never saw anything in writing, despite requesting it numerous times.

30. The Plaintiff was deprived of his Due Process Rights because of his race and gender, and he suffered injuries and was damaged as alleged in Paragraph 27 above.

### COUNT THREE: Reverse Discrimination

31. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

32. Defendant DOC, Hamm, and its agents, under the color of state law deprived the Plaintiff of his 14th Amendment rights by reverse discriminating against him in violation of 42 U.S.C.A. 1983.

33. The Plaintiff was deprived of his due process rights because of his race and gender by having an all-female supervisory system in place, who attempted to transfer him back to a prison without any proper discipline measures taken or written or presented to him. Defendants Williams, Baggett, and Fulgham attempted to transfer the Plaintiff to Elmore Prison, after he had been in an administrative role for nearly 15 years. The Plaintiff was not written up, he was not reprimanded or disciplined, he never received notification of what the investigation revealed, he was never informed what Employee Standards of Conduct he may have violated, and he never saw anything in writing, despite requesting it numerous times. The Plaintiff was injured and damaged as alleged in Paragraph 27 above.

### COUNT FOUR: Hostile Work Environment

34. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

35. Defendant DOC, and its agents, allowed a hostile work environment to exist for the Plaintiff with the all-female supervisory system in place, especially after Defendant Baggett began a sexual relationship with the Plaintiff, while serving as his supervisor, which violated the Non-Fraternization Policy/Workplace Sexual Misconduct Policies of Defendant DOC.

36. Plaintiff demands judgment against the Defendant DOC, and its agents, for compensatory damages, an additional sum for punitive damages for these bad acts, plus his expenses, costs, and attorney fees.

### COUNT FIVE:  Hostile Work Environment

37. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

38. Defendant DOC, and its agents, allowed a hostile work environment to exist for the Plaintiff with the all-female supervisory system in place, especially after Defendant Fulgham was hired and put as a supervisor over Plaintiff, which violated the Nepotism Clause of Defendant DOC, since Defendant Fulgham is Chief Deputy Commissioner Greg Lovelace's daughter.

39. Plaintiff demands judgment against the Defendant DOC, and its agents, for compensatory damages, an additional sum for punitive damages for these bad acts, plus his expenses, costs, and attorney fees.

### COUNT SIX:  Hostile Work Environment

40. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

41. Defendant DOC, and its agents, allowed a hostile work environment to exist for the Plaintiff with the all-female supervisory system in place, especially after Defendant Supervisor Baggett, who was having a sexual relationship with the Plaintiff, failed to turn in his Affidavit of Retirement Weapon Gift, which caused the Plaintiff to be harassed and accused of stealing his Service Weapon, and he had to turn it in or face arrest and prosecution.

42. Plaintiff demands judgment against the Defendant DOC, and its agents, for compensatory damages, an additional sum for punitive damages for these bad acts, plus his expenses, costs, and attorney fees.

**WHEREFORE**, the Plaintiff asks this Honorable Court for damages in compensatory and punitive damages for said violations, and any relief that this Court may find appropriate in equity and good conscience.

The Plaintiff requests a Trial by Struck Jury.

Respectfully submitted on this the 11th day of September, 2023.

/s/ JEFFREY TODD WEBB
JEFFREY TODD WEBB (WEB043)
Attorney for Plaintiff
6724 Volz Court
Montgomery, Alabama 36116
Telephone:   (334) 318-0478
Facsimile:    (334) 277-5435
Email:          barristerwebb@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2023, I electronically filed this Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send electronic notification of this filing to the Defendants' attorneys, and via U.S. Mail, postage prepaid:

General Steve Marshall
Tara S. Hetzel, Deputy Attorney General

/s/ JEFFREY TODD WEBB
JEFFREY TODD WEBB   (WEB043)

[handwritten: Conventionally]