**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| JAMIE J. MCCARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:23-cv-00488-MHT-JTA |
| | ) |
| JOHN HAMM, COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTIONS, ALABAMA DEPARTMENT OF CORRECTIONS, and Fictitious Defendants, | ) |
| | ) |
| Defendants. | ) |

**ANSWER BY DEFENDANTS**
**ANGELA BAGGETT, WENDY D. WILLIAMS, AND MEGAN FULGHAM**

Defendants Angela Baggett, Wendy D. Williams, and Megan Fulgham (collectively Defendants) file the following answer to Plaintiff Jamie J. McCarty's Amended Complaint (doc. 6).

**STATEMENT OF THE CASE**

1. Defendants admit the facts as stated in paragraph 1.

2. Defendants admit the facts as stated in paragraph 2.

3. Defendants admit the facts as stated in paragraph 3.

4. Defendants admit the facts as stated in paragraph 4.

5. Defendants admit the facts as stated in paragraph 5. Also, Defendants admit that Baggett is the Classification Director.

6. Defendants admit the facts as stated in paragraph 6.

## **STATEMENT OF THE FACTS**

7. Defendants admit that Plaintiff was approximately 47 years old when he retired from Defendant ADOC with approximately 24 years and 8 months of state service.

8. Defendants admit that Plaintiff was promoted to Correctional Lieutenant effective April 16, 2022. Defendants also admit that Plaintiff received Exceeds Standards on the majority of his annual performance appraisals. Defendants deny the remainder of the allegations as stated in paragraph 8 and demand strict proof thereof.

9. Defendants admit the facts as stated in paragraph 9.

10. Defendants admit that Plaintiff sent a text message to all his subordinates telling them goodbye. Defendants deny the remainder of the allegations as stated in paragraph 10 and demand strict proof thereof.

11. Defendants deny the allegations as stated in paragraph 11 and demand strict proof thereof.

12. Defendants admit Plaintiff did not transfer to Elmore Correctional Facility, and his last workday was September 30, 2022. Defendants deny the remainder of the allegations as stated in paragraph 12 and demand strict proof thereof.

13. Defendants admit the facts as stated in paragraph 13.

14. Defendants admit that Baggett had a relationship with Plaintiff. Defendants deny the remainder of the allegations and demand strict proof thereof.

15. Defendants deny the allegations in paragraph 15, and so deny the same and demand strict proof thereof.

16. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 16, and so deny the same and demand strict proof thereof.

17. Defendants admit that Plaintiff was required to return his service weapon into Defendant ADOC, which he did. Defendants deny the remainder of the allegations as stated in paragraph 17 and demand strict proof thereof.

18. Defendants admit that Plaintiff received Exceeds Standards on the majority of his annual performance appraisals. Defendants deny the remainder of the allegations as stated in paragraph 18 and demand strict proof thereof.

19. Defendants deny the allegations as stated in paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations as stated in paragraph 20 and demand strict proof thereof.

21. Defendants deny that Plaintiff is entitled to any relief, including the relief as stated in paragraph 21 and demand strict proof thereof.

## COUNT ONE: Reverse Discrimination

22. Defendants reallege all paragraphs of their Answer as if set out here in full.

23. Defendants admit the facts as stated in paragraph 23.

24. Defendants deny the allegations as stated in paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations as stated in paragraph 25 and demand strict proof thereof.

26. Defendants deny the allegations as stated in paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations as stated in paragraph 27 and demand strict proof thereof.

### COUNT TWO: Due Process Violation

28. Defendants reallege all paragraphs of their Answer as if set out here in full.

29. Defendants deny the allegations as stated in paragraph 29 and demand strict proof thereof.

30. Defendants deny the allegations as stated in paragraph 30 and demand strict proof thereof.

### COUNT THREE: Reverse Discrimination

31. Defendants reallege all paragraphs of their Answer as if set out here in full.

32. Defendants deny the allegations as stated in paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations as stated in paragraph 33 and demand strict proof thereof.

### COUNT FOUR: Hostile Work Environment

34. Defendants reallege all paragraphs of their Answer as if set out here in full.

35. Defendants deny the allegations as stated in paragraph 35 and demand strict proof thereof.

36. Defendants deny that Plaintiff is entitled to any of the relief as stated in paragraph 36.

### COUNT FIVE: Hostile Work Environment

37. Defendants reallege all paragraphs of their Answer as if set out here in full.

38. Defendants admit that Fulgham is the daughter of Chief Deputy Commissioner Greg Lovelace. Defendants deny the remainder of the allegations as stated in paragraph 38 and demand strict proof thereof.

39. Defendants deny that Plaintiff is entitled to any of the relief as stated in paragraph 39.

## COUNT SIX: Hostile Work Environment

40. Defendants reallege all paragraphs of their Answer as if set out here in full.

41. Defendants deny the allegations as stated in paragraph 41 and demand strict proof thereof.

42. Defendants deny that Plaintiff is entitled to any of the relief as stated in paragraph 42.

## DEFENSES PROFFERED OR ASSERTED BY DEFENDANTS

To the extent that any allegations or claims in Plaintiff's Amended Complaint require an answer at this time and such has not been admitted herein, they are denied. Now having answered each paragraph of Plaintiff's Amended Complaint, Defendants assert the following defenses to the Plaintiff's Amended Complaint but does not assume the burden of proof on any such defense, except as required by applicable law with respect to the defenses asserted. Defendants expressly disavow any intent to waive defenses by operation of *Fed. R. Civ. P*. 12(h). Defendants reserve the right to assert additional defenses and/or otherwise to supplement.

1. Defendants plead the general issue.

2. Defendants allege Plaintiff fails to state a claim against them upon which relief may be granted.

3. Plaintiff is not entitled to any relief requested in the complaint.

4. Plaintiff is unable to establish any casual connection between any action or inaction of any Defendants with any purported injury, damages or prayer for relief alleged in the complaint.

5. Defendants plead all immunities provided to them as state officials, employees, and/or actors including, but not limited to sovereign immunity, qualified immunity, absolute immunity, discretionary function immunity, and state agent immunity.

6. To the extent that the Eleventh Amendment has not been abrogated or otherwise waived, it protects Defendants from suit.

7. Plaintiff's claims are barred by his failure to exhaust administrative remedies.

8. Defendants plead the doctrines of waiver and unclean hands.

9. All employment decisions by the Defendants respecting Plaintiff were made for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons. Defendants deny that Plaintiff's gender was a substantial contributing factor in any decision regarding his employment. Even if such had been the case, (which Defendants expressly deny), Defendants nonetheless would have treated the same in all respects for other legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons; therefore, the *Mt. Healthy* defense applies.

10. Some or all the decisions and/or employment actions challenged as discriminatory in Plaintiff's Amended Complaint would have been taken even if Plaintiff had not been in a protected class of individuals. Plaintiff's gender has not been a factor or a determinative influence in Defendants' employment decisions.

11. There are no similarly situated employees who have received different treatment than Plaintiff, nor is there any comparator who received different treatment with respect to Plaintiff's claims. To the extent that Plaintiff attempts to identify comparators, those comparators are not sufficiently similarly situated to serve as comparators.

12. Plaintiff has failed to state a federal claim against Defendants for the reasons or acts complained of were not caused by an official policy, practice, custom, or usage of these Defendants.

13. Any injury or damages suffered by Plaintiff were the result of an independent, intervening cause and not the result of any alleged actions or omissions of Defendants.

14. Plaintiff has failed to mitigate damages.

15. Defendants plead the defense that all actions taken with respect to Plaintiff by Defendants would have been taken without the discriminatory motive or animus alleged.

16. Defendants plead the defense that Defendants are committed to providing a work environment that is free from all forms of retaliation, discrimination, and/or harassment based on a person's race, color, sex, religion, national origin, familial status, or disability, as defined by appropriate statutes, including Title VII of the Civil Rights Act of 1964, as amended.

17. Defendants allege that Plaintiff has suffered no legal loss or damages because of their action or inaction.

18. Defendants plead the *Faragher-Ellerth* defense, in that, no tangible adverse employment action was taken against Plaintiff, the employer exercised reasonable care to prevent and promptly correct the harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm.

19. Defendants assert each defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

20. Subjecting Defendants to punitive damages in this case or affirming an award of punitive damages would violate the United States Constitution, as well as the Constitution of

Alabama. Furthermore, Defendants adopt all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

21. Plaintiff's claims for damages are limited in whole or in part by statute.

22. Plaintiff is not entitled to a jury trial on its claims for equitable relief.

23. Plaintiff cannot recover punitive damages against the Defendants for any of their claims. Furthermore, Plaintiff would not be entitled to an award of punitive damages, as he has not sufficiently pled and cannot prove facts sufficient to support an award under applicable law. Defendants plead all defenses made available to them by the United States Supreme Court's decision in *Kolstad v. American Dental Assoc.*, 119 S. Ct. 2118 (1999), as well as all other statutory, case law and constitutional principles and limitations.

24. No action by Defendants proximately caused any injury or damage allegedly suffered by Plaintiff.

25. To the extent that it may be applicable to some of the alleged actions in the Amended Complaint, Defendants pleads the "same actor" defense.

26. To the extent that Plaintiff's claims are fraudulently brought, they are barred.

27. Defendants deny that they intentionally, willfully, or maliciously violated any law upon which Plaintiff relies. To the extent that Plaintiff's claims against Defendants rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, the relief requested in Plaintiff's Amended Complaint is not recoverable.

28. Plaintiff cannot establish the prerequisites for relief and cannot establish a *prima facie* case of discrimination or meet the legal burden to prove discrimination.

29. Defendants assert that the alleged conduct complained of was not sufficiently severe or pervasive to alter Plaintiff's conditions of employment.

30. Defendants assert that Plaintiff failed to take advantage of any preventative or corrective opportunities provided by his employer or to otherwise avoid the alleged harm.

31. Some or all of Plaintiff's claims are barred by his inability to prove he has suffered any adverse action.

32. Defendants deny that they intentionally, willfully, or maliciously violated any law upon which Plaintiff relies. To the extent that Plaintiff's claims against Defendants rest on conduct that was consensual or without malice or without reckless indifference to Plaintiff's rights, the relief requested in the Amended Complaint is not recoverable.

33. Plaintiff is not entitled to relief as he has not suffered irreparable harm and has adequate remedies at law.

34. Some or all Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that he would be entitled to receive under the statutory provisions or Constitutional amendments at issue.

35. Defendants deny any liability under theories of *respondeat superior*, vicarious liability, agency, or otherwise.

36. To the extent Plaintiff might have been guilty of conduct, yet unknown to Defendants, which conduct would have prevented Plaintiff's employment or caused discipline, Plaintiff is barred from seeking some or all damages.

37. Defendants had the statutory authority to transfer employees within their jurisdiction pursuant to Ala. Code § 36-26-24.

38. Defendants reserve the right to amend and assert additional defenses later as may be warranted.

Respectfully submitted this the 20th day of November 2023.

Steve Marshall,
 *Attorney General*

/s/ Tara S. Hetzel
Tara S. Hetzel
 *Deputy Attorney General*

State of Alabama
Office of Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Tara.Hetzel@AlabamaAG.gov

**Counsel for Defendants Baggett, Williams, and Fulgham**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the same to the following:

Jeffrey Todd Webb
6724 Volz Court
Montgomery, Alabama 36116
barristerwebb@aol.com

/s/ Tara S. Hetzel
*Counsel for Defendants*